FILED
 2017 Apr-25  PM 01:49
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **SYNETHIA LEONARD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No.:** |
| ) | |
| **AMERICAN FREIGHT** ) | _____ |
| **MANAGEMENT COMPANY,** ) | |
| **LLC, d/b/a AMERICAN FREIGHT**) | |
| **FURNITURE AND MATTRESS,** ) | **JURY DEMAND** |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

**I.   INTRODUCTION**

1.   This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. § 2000(e) et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a (hereinafter "Title VII") which provides for relief against discrimination in employment on the basis of sex. The plaintiff seeks compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

## II. JURISDICTION AND VENUE

2. The unlawful employment practices alleged herein below were committed by the Defendant within Jefferson County, Alabama. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 28 U.S.C. §§ 2201 and 2202. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(g).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII.  Plaintiff timely filed her Charge of Discrimination within 180 days of the occurrence of the last discriminatory act.  Plaintiff also timely filed this Complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the E.E.O.C.

4. The plaintiff requests a jury trial on all issues pursuant to 42 U.S.C § 1981a.

## III. PARTIES

5. The plaintiff, Synethia Leonard (hereinafter "Leonard" or "Plaintiff"), is a female citizen of the United States, and a resident of the State of Alabama. Plaintiff was an employment applicant of the defendant, American Freight Inc., d/b/a American Freight Furniture and Mattress, at the defendant's Turssville, Alabama, location.

6. The defendant, American Freight Management Company, LLC, d/b/a American Freight Furniture and Mattress, (hereinafter "American Freight" or "Defendant") is a Delaware corporation licensed to do business in and operating in Jefferson County, Alabama. American Freight is a discount warehouse furniture store that advertises itself as a public furniture distribution center.

7. During the time period pertinent to this lawsuit, the Defendant was an employer within the meaning of Title VII. At all times relevant to this action, American Freight has employed at least fifteen (15) or more employees for the purposes of Title VII.

## IV.  STATEMENT OF FACTS AND CLAIMS

8. Plaintiff re-alleges and incorporates by reference paragraphs 1-7 above with the same force and effect as if fully set out in specific detail hereinbelow.

9. The Defendant has intentionally, and with malice or reckless indifference, discriminated against Plaintiff on the basis of Plaintiff's gender, female, with respect to the terms, conditions and privileges of employment.

10. In September 2013 the Plaintiff applied for a job with American Freight at their Trussville, Alabama, location.

11. At the time, Plaintiff was told by employees at the Trussville location that there were open positions.

12.     However the Manager, Bryan, told Plaintiff that there were no open positions and to return in mid-November to put in an application because he would have an open position at that time.

13.     On or about November 15, 2013, Plaintiff returned to American Freight and put in an application for any open position.

14.     At this time Plaintiff was again advised by employees at the Trussville location that positions were open.

15.     Plaintiff was never contacted or interviewed for any position.

16.     An employee of the Trussville location later told Plaintiff that the hiring Manager, Bryan, had stated that he does not hire women because they, "voice their opinions to much and cause problems."

17.     Upon information and belief, American Freight did not have a single female employee at the Trussville location.

18.     Shortly after Plaintiff applied for work with American Freight, the Defendant hired three male employees to fill open positions.

19.     Plaintiff was equally, if not more qualified, than the three male individuals who were hired.

20.     The Defendant hired other individuals to work in the Trussville store during the relevant time period that, upon information and belief, were male and who

were no more qualified or less qualified than the Plaintiff.

21. Upon information and belief, during the relevant time period the Defendant had several positions for which Plaintiff was qualified and capable of performing.

22. In denying the Plaintiff employment and/or employment opportunities the Defendant intentionally, willfully and maliciously discriminated against Plaintiff on the basis of her gender in complete disregard for her federally protected rights.

23. As a result of Defendant's actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation, and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury including pain, humiliation, emotional distress, mental anguish and suffering, and loss of enjoyment of life.

## V. CAUSES OF ACTION

### COUNT I
### SEX DISCRIMINATION IN VIOLATION OF TITLE VII

24. Plaintiff realleges and incorporates by reference paragraphs 1 through 23 above with the same force and effect as if fully set out in specific detail hereinbelow.

25. As set out in detail above, the Defendant unlawfully discriminated against the Plaintiff in failing to hire the Plaintiff and denying her employment opportunities for at least three (3) positions at least in part because of the plaintiff's gender, female.

26. As set out in detail above, these positions were denied to the Plaintiff and the Defendant instead awarded these positions to male individuals.

27. The Plaintiff was equally, if not more, qualified for these positions than the male employees who received them.

28. The Defendant has thus violated the proscription against sex discrimination found in Title VII.

29. The unlawful conduct of the Defendant as described above was done with malice and/or reckless disregard of and/or deliberate indifference to the Plaintiff's federally protected rights.

30. The Defendant's conduct as described above caused the Plaintiff loss of wages, loss of benefits, emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

31. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay, injunctive relief, and compensatory damages and a declaratory judgment is her only means of securing

adequate relief.

32.     The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant, including the actions taken against Plaintiff by Defendant in refusing to hire Plaintiff, constitutes discrimination and are violative of Plaintiff's rights as secured by Title VII.

2.     Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant, and at the Defendant's request, from continuing to violate Plaintiff's rights as well as others who are similarly-situated pursuant to Titles VII.

3.     Enter an Order instating Plaintiff to the position(s) for which she applied, and awarding Plaintiff damages including back pay, front pay, nominal, compensatory and punitive damages.

4.     Award Plaintiff reasonable costs, attorney's fees and expenses.

5.  Award such other relief and benefits as the cause of justice may require.

Respectfully submitted on this the 25th day of April, 2017.

                                          s/ Temple D. Trueblood
                                          Temple D. Trueblood (TRUE0355)
                                          Robert J. Camp
                                          Counsel for Plaintiff

**OF COUNSEL:**
OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
(205) 314-0500


**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**


                                          s/ Temple D. Trueblood
                                          **OF COUNSEL**

**Plaintiff requests this Honorable Court to serve via certified mail upon the defendant the following : Summons, Complaint.**

<u>**Defendant's Address:**</u>
**American Freight Management Company, LLC**
   **d/b/a American Freight Furniture and Mattress**
**c/o Registered Agent**
**C T Corporation System**
**2 North Jackson Street, Ste. 605**
**Montgomery, AL 36104**

                                   s/ Temple D. Trueblood
                                   **OF COUNSEL**